UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY L. SELLERS,<br><br>  Plaintiff,<br><br>  v.<br><br>CRAIG REYNOLDS, CASS SYLVIA, LOIS WOLK, CAYCE WALLACE, and SANDRA COLDIRON,<br><br>  Defendants. | No. 2:13-cv-1865-JAM-EFB PS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

  This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and has submitted the affidavit required thereunder which demonstrates that plaintiff is unable to prepay fees and costs or give security for them.  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

  Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

/////

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); see also Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint is extremely difficult to decipher. As far as the court can discern, plaintiff appears to assert a single claim under the Racketeer Influence and Corrupt Organization Act ("RICO") against all defendants. To state a civil RICO claim, a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to plaintiff's business or property. *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010); *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008); *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). The alleged enterprise must exist "separate and apart from that inherent in the perpetration of the alleged [activity]." *Chang v. Chen*, 80 F.3d 1293, 1300–01 (9th Cir. 1996). A "pattern of racketeering activity" means at least two criminal acts enumerated by statute. 18 U.S.C. § 1961(1), (5) (including, among many others, mail fraud, wire fraud, and financial institution fraud). Those so-called "predicate acts" under RICO, if based on a theory of fraudulent conduct, must be alleged with specificity in compliance with Rule 9(b). *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1400–01 (9th Cir. 2004); *see also Lancaster Community Hospital v. Antelope Valley Hospital Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (holding with respect to the predicate act of mail fraud that a plaintiff must allege with "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392–93 (9th Cir. 1988); *Pineda v. Saxon Mortgage Services*, 2008 WL 5187813, at *4 (C.D. Cal. Dec. 10, 2008) ("It is not enough for [plaintiff] to rely on mere labels and conclusions" to establish a RICO claim but rather, plaintiff must give each defendant notice of the particular predicate act it participated in and must allege each predicate act with specificity).

/////

Here, plaintiff's amended complaint alleges that one or more of the defendants "caused plaintiff to be deprived of his property in the form of his pendent state claims . . . in furtherance of a conspiracy (or agreement) with personnel of said court" by manipulating court documents. ECF No. 4 at 2. Plaintiff also alleges that "one or more of the defendants were part of a conspiracy . . . by corrupting the process of [a court action] so to prevent plaintiff from gaining access to discovery and through his discovery embarrass the local political powers in and about the City of Davis." *Id*. at 4. According to plaintiff, the result of this conspiracy was that a case he filed before this court, *Sellers v. City of Davis Police Department*, was dismissed with prejudice. *Id.* at 2-4. In addition to these allegations, plaintiff also makes references to various individuals, including defendants, falsifying police records and engaging in "character assignation." These allegations are vague and conclusory, and therefore fail to state a cognizable RICO claim.

The complaint is also filled with rambling about plaintiff's relationship with a girl from Davis, which he refers to as diva Leigh; Pine Tree Gardens, described as "a rehab center for the mentally troubled;" and Espresso Roma, a college town coffeehouse. For example, plaintiff alleges that he "used to be a poet who hung at Espresso Roma where Leigh had become the reigning diva, she the flowering beauty who had taking center stage. Leigh is an exceptionally gifted person in possession of mental powers of the type thought by most to be fictions of fertile imaginations." ECF No. 4 at 18. Plaintiff further alleges that defendant Wallace and Coldiron "started a recruitment campaign for the financially strapped Pine Tree Gardens for customers . . . that was centered at Espresso Roma and resulted in the café getting clogged with petty dealers in drugs and sex." *Id*. at 7. It is unclear how such allegations relate to plaintiff's RICO claim.

The complaint also makes references to other cases that plaintiff has filed with this court in which he believes he did not receive a fair opportunity to present his claims. A review of the court record show that plaintiff has filed several action before this court, many of them containing allegations similar to those presented in this action. *See*, *e.g.*, *Sellers v. Espresso Roma Inc., et al.*, No. 2:06-cv-1245 DFL DAD PS (voluntarily dismissed); *Sellers v. Coldiron*, No. 2:06-cv-2443 FCD KJM PS (dismissed without prejudice after plaintiff failed to file a third amended complaint); *Sellers v. Leigh*, et al., No. 2:06-cv-2510 GEB DAD PS (dismissed as duplicative);

4

*Sellers v. Leigh, the café diva*, No. 2:07-cv-0496 LKK GGH PS (dismissed without prejudice); *Sellers v. Espresso Roma Corporation, et al.*, No. 2:10-cv-3260 LKK EFB PS (voluntarily dismissed); *Sellers v. City of Davis, et al.*, No. 2:11-cv-1663 LKK CKD PS (dismissed as duplicative); *Sellers v. United States, et al.*, No. 2:14-cv-474 GEB DAD PS (dismissed without leave to amend).

In light of the deficiencies in the amended complaint filed in this action, as well has plaintiff's history of filing actions that contain similar allegations, the court recommends that this action be dismissed without leave to amend pursuant to 28 U.S.C. 1915(e)(2). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby ORDERED that plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted.

Further, it is RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed without leave to amend; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 5, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE